IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JOHN HENRY SANDERS, #L3590                                                  PETITIONER

v.                                                                No. 2:04CV273-P-A

DONALD CABANA, ET AL.                                                   RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the state's March 10, 2005, motion to dismiss the *pro se* petition of John Henry Sanders for a writ of *habeas corpus* under 28 U.S.C. § 2254. The petitioner has not responded to the motion, and the time for response expired March 21, 2005. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed under 28 U.S.C. § 2244.

**Facts and Procedural Posture**

The petitioner is presently in the custody of the Mississippi Department of Corrections and seeks *habeas corpus* relief under 28 U.S.C. § 2254(a). He entered a plea of guilty to one count of rape and was sentenced November 7, 2002, in the Second Judicial District of Bolivar County, Mississippi, to serve a term of fifteen years imprisonment, with five years suspended, in the custody of the Mississippi Department of Corrections. By statute, there is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. The petitioner nevertheless filed a "Notice of Appeal" July 28, 2003, which the Mississippi Court of Appeals dismissed February 19, 2004, for failure to file a brief. The petitioner then requested February 23, 2004, that his appeal be reinstated. The Mississippi Supreme Court denied that request May 6, 2004, noting that the petitioner's guilty plea prohibited him from filing a direct appeal – and that he had not sought

post-conviction relief in the circuit court. The Mississippi state court record does not contain any post-conviction motions by the petitioner.

## Discussion

The petitioner's November 7, 2002, judgment became final December 9, 2002,[1] thirty days after he was sentenced on his guilty plea.[2] Therefore, unless the petitioner "properly filed" an application as contemplated by 28 U.S.C. § 2244(d)(2) on or before December 9, 2003, to toll the period of limitation, his federal *habeas corpus* petition would be filed too late. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). The petitioner did not, however, file any motions for post-conviction relief in state court. Under the "mailbox rule," a petitioner's *pro se* federal *habeas corpus* petition is deemed filed on the date he delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). The instant federal petition was thus filed sometime between the date it was signed on September 9, 2004, and the date the district court received it and stamped it "filed" on September 24, 2004. Hence, John Henry Sanders filed the instant petition some 275 days to 290 days after the December 9, 2003, deadline. As such, the instant petition for a writ of *habeas*

---

[1] Simply counting days on the calendar would render a due date of December 7, 2002, which was a Saturday. The actual due date would thus have been the next business day, December 9, 2002.

[2] Despite the state statutory prohibition against direct appeals from guilty pleas under state law, the Mississippi Supreme Court created an exception, permitting appeal from a guilty plea within thirty days for challenges to the legality of the sentence. *Burns v. State*, 344 So.2d 1189 (Miss. 1977); *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, in the absence of an appeal, thirty days is the longest time that could be added to the date of the entry of a guilty plea to determine finality of a petitioner's conviction.

*corpus* shall be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED**, this, the 18th day of May, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE